UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MAURICE GIBSON,

                Plaintiff,

    - against -

THE NEW YORK CITY POLICE DEPARTMENT,
NEW YORK CITY POLICE OFFICER ADAM
CONCEPCION OF 46TH PRECINCT, ADA ANN MORGAN
LONG and SHERROD MURPHY,
                Defendants.
------------------------------------------------------------------X

**JUDGE HELLERSTEIN**

**COMPLAINT**

**JURY TRIAL DEMANDED**

13 CV 5595

Docket No.: _____CV_____

RECEIVED AUG 1 2 2013 U.S.D.C. S.D.N.Y. CASHIERS

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff, MAURICE GIBSON, seeks relief for the defendants' violation of his rights secured by the 42 U.S.C. Section 1981 and 1983, and of rights and Due Process Clauses of the Fourteenth Amendment to the United States Constitution, and the rights secured under the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, an award of cost and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C.§§1331,1343, U.S.C. §1988 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution.

## VENUE

3. Venue is proper for the United States District Court Southern District pursuant to 28 U.S.C.§1391(a), (b) and (c).

## PARTIES

4. The plaintiff MAURICE GIBSON, is a citizen and resident of the United States, and is

LAW OFFICE OF
FEDER & RODNEY, PLLC
105 COURT STREET
BROOKLYN, NEW YORK
11201

(718) 625-1111

and was at all times relevant herein a resident of the County of Bronx, City Of New York and State of New York.

5. Defendant THE NEW YORK CITY POLICE DEPARTMENT, is a municipal entity created and authorized under the law of the State of New York. It is authorized by law to carry out all police functions for City and assumes the risks incidental to the maintenance of its police and the employment of police officers.

6. Defendant NEW YORK CITY POLICE OFFICER ADAM CONCEPCION OF 46TH PRECINCT (hereinafter "ADAM CONCEPTION"), who bears the Shield number 08965 is and was at all times relevant herein an Officer, employee and agent of the NEW YORK CITY POLICE DEPARTMENT, a municipal agency of the City of New York. Defendant ADAM CONCEPCION is sued individually and in his official capacities.

7. At all times hereinafter mentioned Defendant ADA ANN MORGAN LONG was an Assistant District Attorney, employed by New York County District Attorney Robert Morgenthau and the CITY OF NEW YORK.

8. Defendant SHERROD MURPHY, is a resident of Bronx County, City and State of New York.

## STATEMENT OF FACTS

9. On or about August 6, 2010 at approximately 9:30 PM, MAURICE GIBSON was lawfully at a barber shop called The Spot Barbershop and located at 2369 Grand Concourse, (East 184th Street) in the County of Bronx, City of New York and State of New York.

10. At the aforementioned time and place, several unidentified police officers, including Defendant NEW YORK CITY POLICE OFFICER ADAM CONCEPCION, arrived at the location. They immediately arrested and imprisoned plaintiff.

LAW OFFICE OF
FEDER & RODNEY, PLLC
105 COURT STREET
BROOKLYN, NEW YORK
11201

(718) 625-1111

11. Plaintiff was taken to 46th Precinct where he was processed.

12. After being processed at the 46th Precinct, Plaintiff was arraigned on Sunday, August 8, 2010, remanded and then released on August 12, 2010 with criminal charges, including but not limited to, attempted murder assault, menacing and criminal possession of a weapon, still pending against him.

13. Plaintiff was arraigned on the sworn statement of defendant ADAM CONCEPCION that plaintiff allegedly was observed shooting SHERROD MURPHY with a firearm.

14. Defendant ADAM CONCEPCION's statement was false, without reasonable or probable cause and without evidentiary support.

15. Thereafter, plaintiff MAURICE GIBSON continued to be prosecuted on the aforementioned charges until December 9, 2010 when, after trial, the charges were dismissed against him.

16. All the foregoing occurred as a result of the willful, malicious conduct of defendant ADAM CONCEPCION, aided and abetted by defendant NEW YORK POLICE DEPARTMENT by its agents, servants and/or employees.

### FIRST CAUSE OF ACTION

17. The plaintiff incorporates by reference the allegations set forth in all the preceding paragraphs as if fully set forth herein.

18. The conduct and actions of Defendant ADAM CONCEPCION, by his agents, servants and/or employees acting under color of law, in falsely arresting, imprisoning and detaining the plaintiff, was done intentionally, maliciously and/or with reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed to and did cause specific and serious bodily, mental and emotional harm, pain and

LAW OFFICE OF
FEDER & RODNEY, PLLC
105 COURT STREET
BROOKLYN, NEW YORK
11201

(718) 625-1111

suffering in violation of the plaintiff's Constitutional Rights as guaranteed under 42 U.S.C.§1983, Fifth and Fourteenth Amendments to the United States Constitution.

## SECOND CAUSE OF ACTION

19. The plaintiff incorporates by reference the allegations set forth in all the foregoing paragraphs as if fully set forth herein at length.

20. Plaintiff's prosecution was initiated on August 8, 2010 without probable cause, on the strength of the malicious, false unlawful basis provided by defendant ADAM CONCEPCION.

21. Evidence continued to mount pointing to plaintiff's innocence of the criminal charges filed against him, including but not limited to videotape surveillance and the statements of witnesses at the aforementioned barber shop. Despite this mounting evidence neither A.D.A. ANN MORGAN LONG nor the other named defendants withdrew the prosecution of plaintiff for the aforementioned criminal charges.

22. The conduct and action of Defendants ADAM CONCEPCION and other unidentified Police Officers acting under color of law and in and/or in compliance with the official rules, customs, usages and practices of THE NEW YORK CITY POLICE DEPARTMENT, in continuing to prosecute plaintiff in the face of the lack of probable cause constituted a malicious prosecution of the plaintiff, in violation of plaintiff's Constitutional rights as guaranteed under U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the Constitution.

## THIRD CAUSE OF ACTION

23. The plaintiff incorporates by reference the allegations set forth in all the foregoing paragraphs as if fully set forth herein at length.

LAW OFFICE OF
FEDER & RODNEY, PLLC
105 COURT STREET
BROOKLYN, NEW YORK
11201

(718) 625-1111

24. At all times material to this complaint, the defendant THE NEW YORK CITY POLICE DEPARTMENT, had in effect *de facto* policies, practices, and customs that were a direct and proximate cause of the unconstitutional conduct of Defendants ADAM CONCEPCION and other unidentified Police Officers, and of the resultant official coverup of the wrong and unconstitutional conduct of theses officers.

25. Upon information and belief these *de facto* policies, practices and customs include, *inter alia*: the police code of silence wherein police officers regularly coverup police negligence or misconduct; the failing to report police misconduct by fellow police officers; the covering up of police misconduct in sworn testimony, official reports, in statements to the Civilian Complaint review Board ("CCRB") and the Internal Affairs bureau, and in public statements; and the application of pressure upon the Office of the District Attorney to maintain a prosecution of criminal charges against an individual, once initiated, to its judicial conclusion.

26. Upon information and belief, the defendants THE NEW YORK CITY POLICE DEPARTMENT, negligently failed to properly and effectively screen, hire, train, supervise, discipline, retain, transfer, counsel, and/or otherwise control their police officers in investigating crimes and for their failure to protect the plaintiff from unconstitutional conduct of police officers.

27. Upon information and belief, the defendants police officers herein have been the subject of prior civilian and departmental complaints of polices officers herein were likely to engage in conduct that would violate the civil and constitutional rights of the public, such as the conduct complained of by the plaintiff herein.

28. Upon information and belief, the defendants THE NEW YORK CITY POLICE DEPARTMENT maintained an inadequate structure for risk containment and stress management

LAW OFFICE OF
FEDER & RODNEY, PLLC
105 COURT STREET
BROOKLYN, NEW YORK
11201

(718) 625-1111

relative to its police officers, and failed to create proper means of containing such risk and managing such stress. *Inter alia*, the structure was deficient, at the time of selection of police officers and thereafter during their employment, in its ability to evaluate and exchange information within the command structure about the performance of individual police officers; in its training of supervisory personnel to effectively and adequately evaluate the performance of their officers; and in its ability to otherwise put the command structure on notice that an individual or individuals were at significant levels of risk to the public at large or to specific segments thereof. The effect of this was to permit police officers of the department to function at levels of significant and substantial risk to the public.

29. As a result of the forgoing conscious policies, practices, customs and/or usages, defendant THE NEW YORK CITY POLICE DEPARTMENT had permitted and allowed the employment and retention of individuals as police officers whose individual circumstances place the public or segments thereof at substantial risk of being the victims of false arrest and malicious prosecution. Such policies, practices, customs and/or usages are direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff herein.

30. As a direct, proximate result of the defendants' wrongful policies, practices, customs and/or usages complained of herein, the plaintiff has suffered physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

### FOURTH CAUSE OF ACTION

31. Plaintiff repeats and realleges each and every one of the foregoing allegations with the same force and effect as if fully set forth herein at length.

32. All the foregoing acts by the defendants were done recklessly, intentionally, wantonly

LAW OFFICE OF
FEDER & RODNEY, PLLC
105 COURT STREET
BROOKLYN, NEW YORK
11201

(718) 625-1111